## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-62489-BLOOM/Valle

THOMAS JAMES LACORAZZA,

     Plaintiff,

v.

CITY OF POMPANO BEACH,
BROWARD SHERIFF'S OFFICE, and
DEPUTY VICENTE SAN ROMAN,

     Defendants.

_____/

### ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff Thomas James Lacorazza's ("Plaintiff")
Motion for Leave to Proceed *in forma pauperis*, ECF No. [3] ("IFP Motion"). Plaintiff filed the
Complaint in this matter on October 16, 2018. ECF No. [1]. Plaintiff has not paid the required
filing fee, and thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. The Court
has carefully reviewed the Complaint, the IFP Motion and the record in this case, and is
otherwise fully advised. For the reasons that follow, the Complaint is **DISMISSED WITHOUT
PREJUDICE**, and the IFP Motion is **DENIED AS MOOT**.

Fundamental to our system of justice is that the courthouse doors will not be closed to
persons based on their inability to pay a filing fee. Congress has provided that a court "may
authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal
therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that
includes a statement of all assets such [person] possesses that the person is unable to pay such
fees. . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1

(11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis*).

However, in addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). In short, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Importantly, "*[p]ro se* pleadings are held to a less stringent standard than pleadings

drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

In the instant case, Plaintiff asserts claims under 42 U.S.C. § 1983 against the City of Pompano Beach, the Broward Sheriff's Office, and Deputy San Roman, for what he contends are violations of his First, Fourth, Fifth, and Eighth Amendment rights, arising from an incident in which he was arrested and charged for a civil infraction. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001).

In pertinent part, Plaintiff alleges that he was walking on the north side of Atlantic Boulevard in Pompano Beach, when Deputy San Roman pulled up next to him in a patrol car and began to follow alongside him, telling him that the beach was closed. ECF No. [1] at 18. According to Plaintiff, he had no intention of going to the beach, and began to feel harassed and threatened by Deputy San Roman, who followed him for five blocks. *Id.* A short time later, Deputy San Roman drove away from Plaintiff, who sat down at the stairs of a beach access bridge near N.E. 5th Street. *Id.* at 18-19. Fifteen minutes later, Deputy San Roman returned, whereupon Plaintiff shouted out "Ah-ha, I'm still here. I didn't go to the beach. Ah-hah, I'm

still here!" *Id*. at 19. According to Plaintiff, Deputy San Roman then made an aggressive u-turn, parked his vehicle, got out with gloves already on, and began to pull Plaintiff's blanket away in attempts to arrest him. *Id*. A struggle followed, during which Deputy San Roman placed Plaintiff into a choke hold, and with the help of several other sheriff deputies who arrived on-scene, took Plaintiff to the ground and placed him in handcuffs. *Id*. As a result, Plaintiff sustained injuries to his neck and throat area. *Id*. at 12, ¶ 21. Plaintiff alleges that he was subsequently charged with violation of a municipal ordinance and resisting an officer. *Id*. at 19.

In further support of his claims, Plaintiff includes various pages containing copious legal conclusions, citations to case law and statutes, excerpts from the Pompano Beach Code of Ordinances, the Florida Statutes, the Florida Constitution, and a law review article, and materials from the underlying state court criminal case. Upon review, however, the Court cannot discern any actionable claims from the facts as pled, and some of the facts are contradicted by the documents attached to the Complaint. For example, the Information, which is among the documents attached to Plaintiff's Complaint, contradicts Plaintiff's assertion that he was arrested for and charged with a violation of a municipal ordinance, as it indicates that he was charged only with resisting or obstructing a police officer without violence. *See* ECF No. 1 at 39.

Although the Court liberally construes *pro se* pleadings, the Court is not free to construct causes of action for which adequate facts are not pled. Indeed, although Plaintiff states conclusively that Deputy San Roman's conduct violated his First, Fourth, Fifth, and Eighth Amendment rights, and Plaintiff seeks to hold the City of Pompano Beach and the Broward Sheriff's Office responsible, Plaintiff has not stated sufficient facts to state plausible claims based on these theories.

As currently pled, the Complaint fails to state a claim for relief and must be dismissed.

Accordingly, the Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**, and the IFP Motion, **ECF No. [3]**, is **DENIED AS MOOT**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of October, 2018.

<u> </u>

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Thomas James Lacorazza, *pro se*
c/o Angela and William Masaro
980 Greenwood Road
Weston, Florida 33327